UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SULEIMAN IBRAHIM | CIVIL ACTION |
| VERSUS | NO. 20-3150 |
| EQUIFAX WORKFORCE SOLUTION, ET AL. | SECTION A(4) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 15)** filed by Scott de la Vega, Interim Secretary of the Department of the Interior (hereinafter "Federal Defendant"). The plaintiff, Suleiman Ibrahim, who is not represented by counsel, opposes the motion. The motion, submitted for consideration on March 17, 2021, is before the Court on the briefs without oral argument.

## Background

This lawsuit is one of several that the plaintiff, Suleiman Ibrahim, has filed in conjunction with his October 2018 termination from the federal Bureau of Safety and Environmental Enforcement ("BSEE"), part of the United States Department of Interior. Three of those employment-related lawsuits have been consolidated for trial on October 18, 2021, before Chief Magistrate Judge Karen Wells Roby. Plaintiff is proceeding pro se in those cases.[1] (Civil Actions 19-101, 19-9316, 19-2201).

---

[1] A fourth civil action, 20-2357, was remanded to state court after the plaintiff agreed to voluntarily dismiss Federal Defendant from that case. The action that was removed as Civil Action 20-2357 was the plaintiff's petition for review of the Louisiana Workforce Commission's administrative denial of his application for unemployment compensation. The plaintiff did not prevail in state court following remand. The lawsuit sub judice was filed just days after the state court issued a judgment against the plaintiff. (Rec. Doc. 1 at 21, Judgment).

1

Plaintiff filed this lawsuit on November 19, 2020, and while his complaint is difficult to understand in some respects, the Court gleans from it that he was denied unemployment benefits following his termination and he has exhausted without success all avenues of legal recourse in pursuit of those benefits in the state court system. The Court also gleans from the complaint that Plaintiff believes that BSEE, his former employer, contributed to the denial of benefits via post-termination retaliatory acts. The defendants named in this lawsuit are Equifax Workforce Solutions, the Louisiana Workforce Commission, and Federal Defendant.[2]

The Louisiana Workforce Commission moved for dismissal arguing *inter alia* that Plaintiff's claims against it are barred by the Eleventh Amendment, and that Plaintiff is essentially using this civil action to "appeal" or litigate anew the adverse state court judgment (denying unemployment benefits) in violation of the *Rooker-Feldman* doctrine. On March 8, 2021, the Court granted that motion and dismissed the Louisiana Workforce Commission from this case. (Rec. Doc. 17, Order and Reasons).

Plaintiff relies upon Title VII for his claims but also references a litany of state law torts in his complaint—fraud, premises liability, business tort, defamation, legal malpractice, unfair business practices, professional negligence, other tort (retaliations)—and invokes statutes pertaining to fair housing that in no way relate to his claims against any defendant in this case. Therefore, aspects of the complaint are without question legally frivolous.

---

[2] The complaint alleges no facts whatsoever to support a claim of any sort against Equifax Workforce Solutions, an entity that has not made an appearance. The complaint appears to be legally frivolous with respect to this defendant.

2

Vis à vis Federal Defendant, against whom the unrepresented plaintiff is currently litigating three other civil actions in this district arising out of his termination, the claims presented in this lawsuit revolve around the role that Federal Defendant played in the denial of state unemployment benefits. In a nutshell, once the Commission learned from BSEE, in the normal course of the benefits application process, that the plaintiff had been terminated for misconduct, he was denied benefits. The plaintiff maintains that BSEE's role in the denial of benefits was retaliatory. Thus, this lawsuit involves alleged acts of post-termination retaliation.

Federal Defendant now moves for dismissal on numerous grounds.

## Discussion

### *Federal Claims*

Federal Defendant's first argument in support of dismissal is that the Title VII retaliation claim should be dismissed due to the plaintiff's failure to properly exhaust that claim.

A federal sector employee seeking judicial relief for alleged discriminatory employment practices must exhaust administrative remedies by filing a charge of discrimination with the EEO division of his agency. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006) (citing *Brown v. General Servs. Admin.,* 425 U.S. 820 (1976); *Martinez v. Dep't. of U.S. Army,* 317 F.3d 511 (5th Cir.2003); 29 C.F.R. § 1614.105–07 (2005)). Two competing Title VII policies govern the scope of exhaustion requirement. First, the EEO charge filed must be liberally construed because Title VII's provisions were not "designed for the sophisticated," and because most complaints are initiated pro se. *Id.* (citing *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 463 (5th Cir.1970);

3

*Fellows v. Universal Restaurants, Inc.,* 701 F.2d 447, 451 (5th Cir.1983)). Second, the "liberal construction" afforded an EEO charge is constrained by the fact that a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEO in order to achieve a non-judicial resolution of employment discrimination claims—no issue will be the subject of a civil action until the EEO has first had the opportunity to attempt to obtain voluntary compliance. *Id.* (citing *Sanchez,* 431 F.2d at 467). The balance between these two competing policies is struck by interpreting the administrative charge "somewhat broadly," not solely by the scope of the administrative charge itself, but by the scope of the EEO investigation which "can reasonably be expected to grow out of the charge of discrimination." *Id.* (citing *Sanchez,* 431 F.2d at 466). The court engages in a fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and looks slightly beyond its four corners, to its substance rather than its label. *Id.* (citing *Fellows,* 701 F.2d at 451; *Fine v. GAF Chemical Corp.,* 995 F.2d 576, 578 (5th Cir.1993); *Ong v. Cleland,* 642 F.2d 316, 319 (9th Cir. 1981)).

In support of its motion to dismiss, Federal Defendant has provided a declaration from Ms. Tina Hall, a records custodian with the Department of the Interior. (Rec. Doc. 15-2). Ms. Hall performed a search of the appropriate database and retrieved all of the plaintiff's several EEO complaints. Ms. Hall states that denial of employment insurance was neither raised nor accepted as an issue in any of the formal complaints that the plaintiff filed with the agency. (*Id.* ¶ 4).

In opposition, the plaintiff makes two points. First, in a prior email, counsel for Federal Defendant acknowledged that the reprisal claim pertaining to the denial of

unemployment benefits was part of the plaintiff's other pending federal lawsuits. (Rec. Doc. 16-6 at 1, AUSA's 9/2/20 email). This is correct because the plaintiff noted this claim on his form complaint checklist in both Civil Action 19-2201 and Civil Action 19-9316. But acknowledging that the retaliation claim was raised in those other cases is not the same as acknowledging that the claim has been administratively exhausted. Thus, the email that the plaintiff relies upon does not help him.

    Second, the plaintiff points out that in all of his prior cases in this district he checked the box that indicated that acts of discrimination by Federal Defendant were still being committed against him. Again, the issue is not what the plaintiff pleaded in his other cases but rather if he properly exhausted the retaliation claim related to unemployment benefits. The boxes that he checked on the form complaints to initiate his lawsuits do nothing to suggest that proper exhaustion with the EEO office of his agency occurred.

    The Federal Defendant's allegedly retaliatory conduct related to the denial of unemployment benefits occurred in late 2018: the Commission denied benefits on November 1, 2018, and the hearing before the ALJ took place on November 29, 2018, with the ALJ's decision being issued on November 30, 2018. The plaintiff knew that the reason that his claim for benefits had been denied was that Federal Defendant had informed the Commission (and later the ALJ via testimony at the hearing) that Plaintiff had been terminated for misconduct, which disqualified him from receiving benefits. This late 2019 timeframe is important because the only formal charges of discrimination referenced in Hall's declaration that could possibly have included the retaliation claim related to unemployment benefits are DOI-BSEE-18-0272 and DOI-BSEE-19-0023

(filed in 2018 and 2019); the other charges were filed in 2015, 2016, and 2017, and therefore pre-date the denial of unemployment benefits. Neither the plaintiff nor the defendant included a copy of DOI-BSEE-18-0272 and DOI-BSEE-19-0023 as part of their exhibits but the plaintiff did include with his opposition the right to sue letter associated with DOI-BSEE-19-0023, and the only claim identified as part of that EEO complaint is the October 2018 termination of employment. Therefore, DOI-BSEE-19-0023 can be excluded as the possible avenue of exhaustion for the post-termination retaliation alleged in this case.

That leaves only DOI-BSEE-18-0272 as the possible avenue of exhaustion for the post-termination retaliation alleged in this case. The Court has researched the records of the other lawsuits that the plaintiff filed in this district and the agency's disposition of DOI-BSEE-18-0272 is included as an exhibit to the complaint filed in 19-2201. That agency letter recounts the several 2018 events that the plaintiff included in that EEO charge and they all occurred *before* he was terminated. (CA 19-2201 Rec. Doc. 1-2 at 1). Moreover, the disposition letter indicates that the formal complaint to the DOI Office of Civil Rights was submitted in May 2018, which was well before the post-termination events giving rise to the denial of unemployment benefits. (*Id.* at 2). Therefore, DOI-BSEE-18-0272 is not a possible avenue of exhaustion for the post-termination retaliation alleged in this case. Because the issue of the denial of unemployment benefits was not even alluded to in any of the formal EEO complaints that the plaintiff submitted, that claim would not be encompassed by the scope of the EEO investigation which "can reasonably be expected to grow out of the charge of discrimination."

6

Based on the foregoing, the Court is persuaded that Federal Defendant has established that the plaintiff did not properly exhaust the Title VII post-termination retaliation claim based on the denial of employment benefits. Federal Defendant is therefore entitled to dismissal on that claim.

### *State Law Claims*

Absent a waiver, sovereign immunity shields the federal government and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank,* 486 U.S. 549, 554 (1988); *Fed. Housing Admin. v. Burr,* 309 U.S. 242, 244 (1940)). Sovereign immunity is jurisdictional in nature. *Id.* The Federal Tort Claims Act ("FTCA") waives the government's sovereign immunity for *certain* tort suits. *Millbrook v. Untied States*, 569 U.S. 50, 52 (2013) (citing 28 U.S.C. §§ 1346(b), 2671-2680). The FTCA preserves immunity for any claim arising out of libel, slander, deceit, misrepresentation, or interference with contract rights. *Id.*; 28 U.S.C. § 2680(h) (listing exceptions). The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies and this exhaustion requirement is jurisdictional in nature. *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981).

In support of its motion to dismiss, Federal Defendant has provided a declaration from Ms. Rebecca Pock, a paralegal with the Department of Interior, in the Office of the Solicitor, Division of General Law, Torts Practice Branch. (Rec. Doc. 15-3). Ms. Pock is responsible for overseeing the administrative tort claims received by her office. (*Id.* ¶ 1). Ms. Pock performed a search of the appropriate database, and that search revealed that there had been no administrative tort claim presented to the DOI by or on behalf of Suleiman Ibrahim. (*Id.* ¶ 5).

7

In his opposition the plaintiff did not address exhaustion under the FTCA. Moreover, administrative exhaustion aside, as Federal Defendant points out, the tort claims associated with the denial of unemployment benefits are akin to the types of claims that are expressly excluded from the FTCA. *See* 28 U.S.C. § 2680(h).

Based on the foregoing, the Court is persuaded that Federal Defendant has established that the plaintiff did not properly exhaust any of his tort claims under the FTCA, thereby depriving this Court of jurisdiction over those claims. Federal Defendant is therefore entitled to dismissal of the state law tort claims pertaining to the denial of unemployment benefits.

## **Conclusion**

All claims against Federal Defendant based on the denial of unemployment compensation benefits will be dismissed. All claims against the Louisiana Workforce Commission have already been dismissed. The only defendant remaining in this case is Equifax Workforce Solutions, and the Court has already noted that the complaint appears to be legally frivolous with respect to this defendant. *See* note 2 above. <u>The plaintiff is hereby notified that the Court is considering a sua sponte dismissal of the complaint as to Equifax Workforce Solutions because no facts are alleged to support a claim against this defendant under any legal theory</u>. To be fair to the plaintiff, the Court will give him an opportunity to respond before issuing an order of dismissal as to Equifax Workforce Solutions, to be followed by entry of a final judgment in this case. Plaintiff must file his response no later than **April 23, 2021**, after which date the Court will determine whether a sua sponte dismissal of the complaint as to Equifax Workforce Solutions is appropriate.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 15)** filed by Scott de la Vega, Interim Secretary of the Department of the Interior is **GRANTED** as explained above. The complaint, which the Court construes as being limited to post-termination acts of retaliation pertaining to the denial of state unemployment benefits, is dismissed as to the moving party.

March 23, 2021

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE